IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:05CV207

| | |
|---|---|
| CHRISTINE PERRIGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WHITLEY PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available by Defendant Whitley Products, Inc. ("Whitley Products"). This discovery material includes confidential documents and information, the public disclosure of which could be detrimental to the interests of Whitley Products and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation).

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the following Protective Order shall govern discovery in the above-captioned matter, as follows:

1.  The following definition shall apply to this Order: A "stamped confidential document" means any corporate financial records, Oz meeting notes reflecting strategic planning, budgetary data, projections and costs cutting measures, Shareholder letters and other

-1-

documents reflecting cost cutting measures that have not been made generally available to the public and which bear the legend "CONFIDENTIAL" (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) to signify that it contains information subject to protection under Federal Rule of Civil Procedure 26(c)(7), or federal or state statute or regulation.  For purposes of this Order, the term "document" means all written, recorded, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be prepared in such a manner that stamped confidential documents are bound separately from those not entitled to protection.

2. It is understood between the parties that either party and any interested member of the public can challenge the secreting of particular documents subject to this Order.

3. Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Order.

4. Notwithstanding paragraph 3, stamped confidential documents may be disclosed to counsel of record for the parties to this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an

attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the confidential information contained in the documents, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases, except as noted in paragraph 4(c) below, the individual to whom disclosure is to be made has signed and filed with the Court a Confidentiality Agreement, the form of which is attached hereto as Exhibit A, containing

    (1)    a recital that the signatory has read and understands this Order and will abide by it;

    (2)    a recital that the signatory understands that unauthorized disclosures of stamped confidential documents and their substance constitute contempt of court; and

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

    (c)    Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 4(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as "Exhibit

A."

5. Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

6. Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

7. Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

8. Before being copied for production, documents intended to be brought within the scope of this Order shall be marked "CONFIDENTIAL."

9. Stamped confidential documents included as part of any pleading or memorandum shall be filed in sealed envelopes or other containers on which shall be endorsed the title of this action, an indication of the nature of the contents, the word "CONFIDENTIAL" and the following statement:

> This envelope containing documents that are filed in this case by [name of party] is not to be opened nor the contents thereof to be revealed except by court order; provided, however, that counsel of record in this case may open this envelope in the office of the Clerk of this Court and there inspect the contents hereof, without order of Court, and upon completion of each inspection by counsel, the envelope containing such documents shall be resealed.

10. Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof. Only persons described in paragraph 3, including the court reporter and the witness, shall be present at such depositions. Transcripts of said depositions shall be treated as stamped confidential documents in accordance with this Order.

11. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, whether as part of a document or deposition testimony, counsel for either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

12. In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 20 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

13. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure

of any item so designated except pursuant to the procedures of paragraphs 3(b) and 3(c).

14. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process.

15. If a producing party inadvertently or unintentionally produces to a receiving party any document without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

16. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the privileged materials, including copies of the privileged materials disseminated to other persons by the receiving party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the

event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

17. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 90 days after final conclusion of all aspects of this litigation, stamped confidential documents, and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of such party or person (if it retains at least one copy of the same), destroyed. In addition, if stamped confidential documents or summaries thereof have been entered into a computerized database, the database shall be turned over to counsel for the designating party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

18. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and

for filing in Court under seal pursuant to paragraph 8.  The attorneys of record in this litigation shall maintain a log of all copies made, in which they shall record the date of making of the copy, identify the material copied and list the person or persons to whom the copy was provided.  Any copy provided to a person listed in paragraphs 4(a), 4(b) and 4(c) shall be returned to counsel of record upon completion of the purpose for which such copy was provided and the fact and date of the return shall be noted in the attorneys' log.

19. The Clerk may return to counsel or destroy any stamped confidential documents in its possession.

20. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in this litigation, Whitley Products shall be relying upon the terms and conditions of this Order.

Signed: January 24, 2006

_____
Dennis L. Howell
United States Magistrate Judge